AMITUANAI of Nua, Plaintiff

v.

SAUITUFUGA of Nua, Defendant

No. 20-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tanumasele" in Nua]

July 5, 1949

A. A. MORROW, *Chief Justice;* NUA, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo June 17, 1949.
Amituanai *pro se;* Sauitufuga *pro se.*

MORROW, *Chief Justice.*

Sauitufuga filed his application to have the land Tanumasele in Nua registered as the communal land of the Sauitufuga family, the application being accompanied by a survey of the tract. Amituanai filed an objection to the proposed registration claiming that the land was the communal property of the Amituanai title. As a result of his objection we have this litigation. See Sec. 905 of the A. S. Code. Prior to the hearing the court visited the land in the presence of the litigants.

Amituanai and Sauitufuga are lesser matai names in the Toomata family of Nua. The evidence shows beyond doubt that many years ago certain lands of the Toomata were divided up and part of them given to the Sauitufuga and part to the Amituanai. The land Tanumasele was involved in the division. Its eastern boundary as shown on the survey is a creek. Essentially this case involves a dispute as to whether this creek was the boundary established when the division occurred. In our opinion the evidence clearly preponderates in favor of the view that the land lying east of the creek was given to the Amituanai and the land to west of it to the Sauitufuga.

Amituanai has plantations on the land east of the creek. He also has a taro plantation on other land south of the land in dispute. The Toomata as well as Amituanai and Sauitufuga testified that there was a tradition in the families concerned of the division of the Toomata land. Toomata further testified that Sauitufuga Tavita cleared the land before the government was established and that the above division took place before that time. Sauitufuga's testi-

mony was to the same effect. While Amituanai admitted the tradition of the division of the land he was not clear as to when it occurred.

 We think that the tradition was properly admitted in evidence in view of conditions in American Samoa where there is no record title of the vast majority of land. There is no record title of Tanumasele, it never having been registered. Mr. Wigmore in his treatise on evidence says that: "The earliest English practice had been to admit reputation as to private titles, and it is therefore natural to find, on questions of private boundary, that reputation was regularly admitted without question in the early American cases. . . . The result has been that, except in Maine and Massachusetts, it has long been accepted in the United States as a legitimate application of the general principle, that reputation, so far as it definitely exists, may be admissible to prove the location of *private boundaries*." 5 Wigmore on Evidence (3rd Ed.) Sec. 1587.

Fiu, 77 years old, and a former holder of the Sauitufuga title, testified that he had planted coconuts, breadfruit, and bananas on Tanumasele while he held the title, and that the Sauitufuga people had had plantations on it as far back as he could remember. He further testified that the Sauitufuga people had been going on the land and putting in crops for "over 50 years." Leuluai who owns the land north of the tract in dispute testified that the Sauitufuga people had been taking the crops from Tanumasele ever since he "got old enough to know things." He is not a member of the Toomata family nor an aiga of either Sauitufuga or Amituanai.

Amituanai was present when the survey of the tract was being made. He made no objection whatever to the survey and no claim at that time that the land was his.

 We are convinced from the testimony as a whole that this land is the communal property of the Sauitufuga

title and we so hold. We believe that Tanumasele became Toomata land originally through occupation and claim of ownership when it was cleared from the bush. See II Blackstone 8; Maine's Ancient Law (3rd Am. Ed.) at p. 238; *Soliai v. Lagafua*, No. 5-1949 (Am. Samoa); and that it became the property of the Sauitufuga through a transfer from the Toomata prior to the establishment of the government in 1900.

 The survey shows a concrete marker at one corner of the tract; however, Sauitufuga admitted that there is no such marker. When the court visited the land Sauitufuga admitted that he had merely told the surveyor that he would have it put in. Sec. 905 of the Code provides in part that "When land is offered for registration, the offer shall be accompanied by a survey of the land proposed to be registered. The point of departure in such survey shall be either (a) tied in with an established naval coordinate or (b) be a concrete monument procured from or poured in place by the Public Works Department for that purpose and set at least 3 feet in the ground at a corner of the land." The point of departure in the survey was not tied in with an established naval coordinate.

It is ORDERED, ADJUDGED and DECREED that upon the submission of satisfactory evidence to the court that the concrete monument has been put in place as provided by law, the land Tanumasele shall be registered as the communal property of the Sauitufuga family of Nua.

Costs in the sum of $12.50 are hereby assessed against Amituanai, the same to be paid within 30 days.